

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

SEP 1 4 2009

Stephan Harris, Clerk
Casper

# United States District Court

———————— For The District of Wyoming ————————

KEEP YELLOWSTONE NUCLEAR )
FREE, ENVIRONMENTAL DEFENSE )
INSTITUTE, and DAVID McCOY, )
                              )
        Plaintiffs,           )        Case No. 06-CV-205-D
                              )
vs.                           )

THE UNITED STATES DEPARTMENT
OF ENERGY and STEVEN CHU,
SECRETARY, UNITED STATES
DEPARTMENT OF ENERGY,[1]

        Defendants.

## ORDER REQUIRING PRODUCTION OF WITHHELD DOCUMENTS

THIS MATTER came before the Court for an *in camera* review of documents

responsive to Plaintiff's request under the Freedom of Information Act (FOIA) previously

withheld by Defendants under FOIA's law enforcement exemption (Exemption 7(F)).

Having extensively reviewed the documents with the assistance of experts familiar with

the documents at issue and the types of information contained therein, and having

otherwise considered the issue, the Court hereby REAFFIRMS its previous holding that

the withheld documents are not exempt from disclosure under Exemption 7(F). The

Court further ORDERS as follows:

---

[1] Pursuant to Fed. R. Civ. P. 25(d)(1) Dr. Steven Chu replaces former Secretary Samuel Bodman as a party in this litigation.

1. Defendants shall produce all previously withheld documents to Plaintiff within ten (10) calendar days of this ORDER.

2. Defendants will be allowed to redact specific details pertaining to the location of certain systems or equipment and their identifiers where such redaction will not meaningfully interfere with Plaintiff's independent review and analysis of the subject documents.

3. Contemporaneously with Defendant's production of any redacted documents, Defendants will be required to submit a separate redaction log to the Court under seal. Any such redaction log will separately identify each redaction made and shall provide the Court with an explanation of why the particular redaction is necessary. The Court's purpose in requiring a redaction log is to assure the Court that all redactions have been made in good faith and in a manner that will not interfere with meaningful review of the documents by Plaintiff.

4. Although this ruling grants Plaintiff's requested relief and terminates the present civil action, the Court shall nonetheless retain jurisdiction to hear Plaintiff's objections to Defendant's redactions. The required redaction log will further assist the Court in ruling on any such objections expeditiously. If Plaintiff objects to any or all of Defendant's redactions, the Court will set a telephonic hearing on said objections at its earliest opportunity and will rule on said objections at the conclusion of the hearing. If the Court is persuaded by Plaintiff's objection, Defendant shall be required to produce

the relevant unredacted portion(s) and/or document(s) within forty-eight (48) hours of the Court's ruling.

5. Plaintiff shall have sixty (60) days from the date the documents are produced to file objections.

6. In lieu of producing the withheld documents in redacted form along with a redaction log, Defendants are, of course, free to provide Plaintiff with the documents in original form.

DATED this __14th__ day of September, 2009.

IT IS SO ORDERED.


_William F. Hoerner_

UNITED STATES DISTRICT JUDGE